IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| HOCKENBERGS EQUIPMENT AND SUPPLY CO., INC., <br><br> Plaintiff, <br><br> vs. <br><br> TEAM CONTRACTORS, LLC <br><br> Defendant. | CIVIL ACTION NO. 3:18-cv-00346 <br><br> **COMPLAINT** |

COMES NOW, Plaintiff, Hockenbergs Equipment and Supply Co., Inc. ("Hockenbergs") with its Complaint ("Complaint") against the Defendant, Team Contractors, LLC ("Team Contractors") on the following grounds:

### I.   NATURE OF THE CLAIMS

1. This Complaint arises from Team Contractor's failure to pay Hockenbergs for goods and services incurred in providing services at the Hyatt House Hotel ("Hyatt") in New Orleans, Louisiana and the Holiday Inn Hotel ("Holiday Inn") in El Paso, Texas (collectively, the "Hotels"). Team Contractors contracted Hockenbergs to provide equipment, parts, and services for kitchen renovation work at the Hotels. Hockenbergs completed its work at the Hotels, yet Team Contractors has failed to fully pay for the equipment, parts and services. The equipment and supplies provided by Hockenbergs have been in use for over two years without receipt of payment. Team Contractors has unsatisfied obligations to Hockenbergs in the amount of $7,934.89 (Holiday Inn) and $249,618.59 (Hyatt). Despite repeated attempts to secure payment, Team Contractors refused and continues to refuse to submit the remaining amounts owed to Hockenbergs.

2. That outstanding amount is subject to interest compounding at the rate of 18% per annum under the Texas Prompt Pay Act. Alternatively, interest under La. R.S. § 9:2784 is applicable.

3. As a result of the failure to pay, Hockenbergs is entitled to an order holding Team Contractors liable as set forth below, and damages, interest and attorneys' fees.

## II.   PARTIES

4. Plaintiff Hockenbergs Equipment and Supply Co., Inc. is a Nebraska corporation with its principal place of business located at 14063 Cornhusker Rd., Omaha, Nebraska, 67138 and its Texas office is located at 555 Round Rock West Dr., Suite D17, Austin, Texas 78681.

5. Defendant, Team Contractors, LLC is a Kentucky limited liability company with its principal place of business at 98 US Highway 95, Calvert City, Kentucky 42029. Defendant may be served through its registered agent Albert Giddings at 5619 My Way, Kingwood, TX 77339 or wherever else he may be found.

## III.   JURISDICTION, VENUE & CHOICE OF LAW

6. This Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1332 (diversity of citizenship). The amount in dispute exceeds $75,000.00.

7. This Court also has jurisdiction because the claims arise under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

8. This Court has personal jurisdiction over Team Contractors because Team Contractors committed complained-of acts in this District and/or has sufficient minimum contacts with this District.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

6918608v1

10. Texas law governs this dispute. The parties negotiated their agreements for the work in Texas. The parties entered into the agreement to perform the work on the Hotels in Texas and a large portion of the events or omissions giving rise to Hockenbergs' claims occurred in Texas. Alternatively, Louisiana law governs.

### IV.   FACTS

11. The Hyatt is owned by Waypoint NOLA, LLC ("Waypoint") and is located at 1250 Poydras Street in New Orleans, Louisiana.

12. The Holiday Inn is located at 6351 Gateway Blvd. W., El Paso, Texas, 79925.

13. Waypoint retained Team Contractors to renovate and/or construct seven floors of the Hyatt.

14. Team Contractors and Hockenbergs entered contracts whereas Hockenbergs was to provide parts, materials, equipment and services for kitchen renovations at the Hotels (first at the Holiday Inn and subsequently at the Hyatt). The parts included exhaust hoods, fire suppression equipment, epoxy shelving, burners, and related kitchen equipment.

15. Hockenbergs completed its work at the Hotels.

16. Team Contractors has failed to fully pay for the goods, material, equipment and services.

17. The equipment and supplies provided by Hockenbergs has now been in use for over two years without payment.

18. Team Contractors and Waypoint are involved in litigation over the Hyatt in the United States District Court for the Eastern District of Louisiana.

19. Team Contractors has attempted to hide behind its litigation with Waypoint as a basis for failing to pay Hockenbergs but that litigation has no impact on Team Contractors payment obligation to Hockenbergs.

6918608v1

20.     On the Hyatt, Team Contractors has paid only $16,829.63 of its $266,448.22 obligation to Hockenbergs – leaving a balance owed of $249,618.59. The invoices reflecting these sums are attached hereto as **Exhibit A-1.** An accounting of the amounts owed are as follows:

| Invoice | Payment | Date | Amount |
|---|---|---|---|
| 999NQR | | 11/16/2015 | $148.66 |
| 999PYS | | 11/18/2015 | $233,191.42 |
| 999PYT | | 11/18/2015 | $8,487.52 |
| 999PYV | | 11/18/2015 | $6,006.66 |
| 999PYX | | 11/18/2015 | $18,613.96 |
| | Check #143 | 5/2/2016 | ($16,829.63) |
| | | Total | $249,618.59 |

21.     On the Holiday Inn, Team Contractors has paid $140,333.06 of the sum it owed Hockenbergs – leaving a balance of $7,934.89. The invoices reflecting these sums are attached hereto as **Exhibit A-2.** An accounting of the amounts owed are as follows:

| Invoice | Payment | Date | Amount |
|---|---|---|---|
| 828847 | | 8/28/2014 | $20,565.34 |
| 839114 | | 9/23/20147 | $1,156.12 |
| 848088 | | 10/15/2014 | $228.41 |
| 849917 | | 10/20/2014 | $124,592.57 |
| 849705 | | 10/20/2014 | $854.10 |
| 857376 | | 11/7/2014 | $871.41 |
| | Check #3113 | 6/25/2015 | ($10,127.13) |
| | Check #2896 | 6/25/2015 | ($130,205.93) |
| | | Total | $7,934.89 |

22.     Thus, Team Contractors has unsatisfied obligations to Hockenbergs in the amount of $249,618.59 (Hyatt) and $7,934.89 (Holiday Inn), collectively totaling $257,553.48.

## V.     CAUSES OF ACTION

A.     **Count 1—Sworn Account/Open Account**

23.     Hockenbergs incorporates by reference each of the preceding paragraphs as if fully set forth herein.

6918608v1

24. Hockenbergs provided goods, materials, equipment and services to Team Contractors on an open account pursuant to Rule 185 of the Texas Rules of Civil Procedure. Team Contractors accepted the goods, materials, equipment and services and became bound to pay Hockenbergs its designated charges, which were usual, reasonable, and customary for such goods, materials, equipment and services and were assessed according to the terms of the parties' agreement.

25. Hockenbergs attaches the required affidavit and invoices as Exhibits A and A-1 (Hyatt) and A-2 (Holiday Inn), and incorporates same by reference as if fully set forth herein. The attached exhibits accurately set forth the goods, materials, equipment and services Hockenbergs provided to Team Contractors, the dates of delivery and/or performance, and the amount of the goods, materials, equipment and services Hockenbergs provided. The attached exhibits represent a record of the series of transactions that is similar to records Hockenbergs systematically keeps in the ordinary course of business.

26. This claim is just and true, it is due, and all just and lawful offsets, payments, and credits have been allowed. The principal balance due on the account, collectively for the Hotels, is $257,553.48. Hockenbergs is entitled to recover from Team Contractors at least $257,553.48 in damages, plus all interest, costs and attorneys' fees as allowed by law.

27. Alternatively, Hockenbergs hereby pleads a violation of La. R.S. § 9:2781 for failure to pay an open account within thirty days of Hockenbergs' written demands to Team Contractors for outstanding amounts owed, under which Hockenbergs is entitled to recover from Team Contractors at least $257,553.48 in damages, plus all interest, costs and attorneys' fees as allowed by law.

6918608v1

**B.     Count 2—Breach of Contract**

28.     Hockenbergs incorporates by reference each of the preceding paragraphs as if fully set forth herein.

29.     A valid and enforceable contract exists between Hockenbergs and Team Contractors.  Hockenbergs diligently prosecuted and completed its work on the Hotels at the direction of Team Contractors.  Hockenbergs satisfied all of its obligations under the parties' agreement. Team Contractors materially breached the contract by failing to pay the outstanding amounts due and owing to Hockenbergs as set forth in its invoices for the Hotels. True and correct copies of the invoices are attached, and incorporated by reference, to this Complaint as Exhibit A-1 and Exhibit A-2.

30.     Team Contractors' material breach proximately caused Hockenbergs to suffer damages in an amount no less than $257,553.48. Hockenbergs is entitled to recovery from Team Contractors at least $257,553.48 in damages, plus all interest, costs and attorneys' fees as allowed by law.

**C.     Count 3—Quantum Meruit**

31.     Hockenbergs incorporates by reference each of the preceding paragraphs as if fully set forth herein.

32.     In the alternative to Count 2, if such be necessary and without waiving any of the foregoing, Hockenbergs provided Team Contractors with the goods, materials, equipment and services detailed in Exhibits A, A-1 and A-2.  As a direct result of Hockenbergs providing Team Contractors with such goods, materials, equipment and services, a benefit was conferred on Team Contractors.  Team Contractors accepted the benefit of Hockenbergs' goods, materials, equipment and services, but have refused to pay for them.  Hockenbergs reasonably expects payment for the goods, materials, equipment and services provided because Hockenbergs has

6

6918608v1

provided similar goods, materials, equipment and services to others in the past and has been paid for such similar goods, materials, equipment and services.

33. Team Contractors will be unjustly enriched in the amount claimed by Hockenbergs herein if allowed to retain the benefit conferred on Team Contractors without payment for the reasonable value of the goods, materials, equipment and services provided by Hockenbergs as described herein.

34. As a result of Team Contractors' nonpayment, Hockenbergs' has been damaged and is entitled to recover the reasonable value of the goods, materials, equipment and services provided to Team Contractors. The reasonable value of the goods, materials, equipment and services provided to Team Contractors for which no payment has been made is $257,553.48. Hockenbergs is entitled to recover from Team Contractors at least $257,553.48 in damages, plus all interest, costs and attorneys' fees as allowed by law.

**D.     Count 4—Promissory Estoppel**

35. Hockenbergs incorporates by reference each of the preceding paragraphs as if fully set forth herein.

36. In the alternative to Count 2, Team Contractors made a promise to Hockenbergs that Team Contractors did not keep. Hockenbergs provided valuable services and materials to Team Contractors. In requesting that Hockenbergs provide subcontract labor and materials for the Hotels, Team Contractors promised to pay Hockenbergs' invoices. While Team Contractors paid some of the amounts owed, $257,553.48 of Hockenbergs' invoices remains unpaid. Hockenbergs reasonably and substantially relied on Team Contractors' promise to Hockenbergs' detriment. Hockenbergs' reliance on Team Contractors promise to pay was foreseeable by Team Contractors. Injustice can be avoided, therefore, only by enforcing Team Contractors' promise.

37. Hockenbergs is entitled to recover damages of $257,553.48, plus all interest, costs and attorneys' fees as allowed by law.

E. **Count 5—Violation of Prompt Pay Act**

38. Hockenbergs incorporates by reference each of the preceding paragraphs as if fully set forth herein.

39. Team Contractors was obligated under Section 28.002 of the Texas Property Code to remit payment on Hockenbergs' invoices not later than seven (7) days after receiving payment from the owners, Waypoint and Supreme Bright. Team Contractors, however, have failed and refused to remit payment to Hockenbergs. Therefore, Hockenbergs is entitled to recover interest on the unpaid amount, accruing from the date after which payment was due until the date of judgment at the rate of one and one-half percent (1-½%) each month, as allowed by Section 28.004 of the Texas Property Code.

40. Alternatively, Team Contractors was obligated under La. R.S. § 9:2784 to remit payment on Hockenbergs' invoices not later than fourteen (14) days after receiving payment from the owners, Waypoint and Supreme Bright. Team Contractors, however, have failed and refused to remit payment to Hockenbergs. Therefore, Hockenbergs is entitled to recover a penalty on the unpaid amount, accruing from the date after which payment was due at the rate of one-half of one percent (½%) of the amount due, per day. The total penalty shall not exceed fifteen percent of the outstanding balance due.

F. **Count 6—Negligent Misrepresentation**

41. Hockenbergs incorporates by reference each of the preceding paragraphs as if fully set forth herein.

42. Team Contractors made representations to Hockenbergs in the course of its business or in a transaction in which they had an interest by representing to Hockenbergs that it

would pay for the work Hockenbergs performed. Team Contractors supplied false information for the guidance of others. Team Contractors did not exercise reasonable care or competence in obtaining or communicating the information. Hockenbergs justifiably relied on the representations. Team Contractors' negligent misrepresentations proximately caused Hockenbergs' injuries.

### G.   Count 7—Declaratory Judgment

43.   Hockenbergs incorporates by reference each of the preceding paragraphs as if fully set forth herein.

44.   Hockenbergs seeks a declaratory judgment under 28 U.S.C. § 2201. Pursuant to 28 U.S.C. § 2201, this Court has the power to declare and adjudicate the rights and obligations of the parties to this lawsuit and to grant such other and further relief as may be necessary to enforce the rights and obligations of parties:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon a filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

45.   An actual, real, and justiciable controversy exists between the parties as evidenced by Team Contractors' refusal to honor its contractual obligations to Hockenbergs in violation of the parties' agreement.

46.   Accordingly, Hockenbergs seeks a declaration that:

  a.   Texas law governs this dispute.

  b.   Team Contractors is liable to Hockenbergs in full for all amounts due and owing to it in amount no less than $257,553.48.

    c. Hockenbergs is entitled to collect 1.5% interest per month on all amounts due and owing. Alternatively, Hockenbergs is entitled to .5% interest per day on all amounts due and owing, up to 15% of all amounts owed.

    d. Team Contractors is obligated to reimburse Hockenbergs' costs and attorney's fees.

    e. Hockenbergs is entitled to court costs.

## VI. INTEREST AND ATTORNEYS' FEES

47. As a result of Team Contractors' conduct, Hockenbergs found it necessary to employ the undersigned attorneys to prosecute this action on its behalf and has agreed to pay the firm's reasonable and necessary attorney's fees.

48. Pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code or La. R.S. § 9:2781(a), Hockenbergs is entitled to recover its reasonable and necessary attorney's fees and costs for its breach of contract, suit on sworn account and quantum meruit claims.

49. Pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code, and La. R.S. § 2220.4(B)(1), and/or 28 U.S.C. § 2202, Hockenbergs is entitled to recover its reasonable and necessary attorney's fees and costs for its declaratory judgment action.

50. Additionally, Hockenbergs is entitled to recover its reasonable attorney's fees and costs for its Prompt Payment Act claim pursuant to Tex. Prop. Code § 28.005(b) or La. R.S. § 9:2784(c).

## VII. CONDITIONS PRECEDENT

51. All conditions precedent to Hockenbergs' claims for relief have been performed or waived.

## VIII.  PRAYER

WHEREFORE, Hockenbergs prays that Team Contractors be cited to appear and file an answer herein, and that Hockenbergs have and recover judgment of and from Team Contractors for the following:

a.  Actual damages in the amount of at least $257,553.48;

b.  Prompt Payment Act interest;

c.  Pre-judgment interest as set forth above and post-judgment interest on any sums awarded at the legal rate, as permitted by law, until paid;

d.  Reasonable and necessary attorneys' fees through trial, together with conditional attorneys' fees for appeals;

e.  Judgment against Team Contractors via a declaration in accordance with Count 6 (Declaratory Judgment) herein;

f.  All taxable costs of court; and

Such other and further relief, both general and special, at law and in equity, to which Hockenbergs may show itself to be justly entitled.

Respectfully submitted,
PORTER HEDGES LLP
  /s/ Eric D. Wade
ERIC D. WADE
Federal Bar No. 69591 /State Bar No. 00794802
ewade@porterhedges.com
1000 Main Street, 36th Floor
Houston, Texas  77002
(713) 226-6655 telephone
(713) 226-6255 facsimile
ATTORNEYS FOR PLAINTIFF

OF COUNSEL:
Kyle C. Reeb
State Bar No. 24091601
kreeb@porterhedges.com
Porter Hedges LLP
1000 Main Street, 36th Floor
Houston, TX 77002
(713) 226-6625 telephone
(713) 226-6225 facsimile